IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | CV 16-00022-H-DLC-JTJ<br><br><br><br>RECOMMENDATION AND ORDER |

On March 4, 2016, Plaintiff Michael Dunsmore, a state prisoner, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a "Notice of Appeal and Request for Documents" (Doc. 2). Mr. Dunsmore is attempting to appeal a decision of the Montana Supreme Court. This Court does not have jurisdiction to hear appeals of state court decisions.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

-1-

Mr. Dunsmore has filed three civil actions that have been dismissed as frivolous or for failure to state a claim. *Dunsmore v. State,* CV-10-00031-H-DWM (D. Mont. Judgment of dismissal filed August 10, 2010); *Dunsmore v. State*, CV-10-37-H-DWM (D. Mont. Judgment of dismissal filed September 8, 2010); and *Dunsmore v. Kirkegard,* CV-14-00072-H-DLC (D. Mont. Judgment of dismissal filed May 1, 2015).

Mr. Dunsmore has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Nothing indicates that he is in "imminent danger of serious physical injury."

While ordinarily litigants are given a period of time to pay the full filing fee of $350.00, Mr. Dunsmore should not be allowed to do so in this case. His allegations are frivolous as he seeks to appeal a decision of the Montana Supreme Court. Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). As courts of original jurisdiction, federal district courts lack jurisdiction to review the final determinations of a state court in judicial

proceedings. *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) (holding that the district court lacked jurisdiction over challenge to District of Columbia court's denial of petitions for waiver from bar admission requirements); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Only the U.S. Supreme Court has jurisdiction to engage in such review. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 482.

The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[1] *Exxon Mobil Corp.*, 544 U.S. at 284. Mr. Dunsmore is specifically seeking to appeal an order issued by the Montana Supreme Court. On November 16, 2015, Mr. Dunsmore filed a "motion to compel, writ of supervisory control, writ of mandamus or any appropriate action needed [u]nder rule 14. RE: DV-14-113, DV-14-114, and Dv-2015-35" in the Montana Supreme Court. *Dunsmore v. First Judicial District Court, et al.*, OP 15-0713 (Mont. S.Ct. December 8, 2015). Therein, he asked the Montana Supreme Court to order the First and Third Judicial District Courts to rule in his cases. *Id*.

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

The Montana Supreme Court denied Mr. Dunsmore's motion on December 8, 2015. Mr. Dunsmore then filed a notice of appeal in this Court on March 4, 2016. As such, Mr. Dunsmore is seeking review and rejection of a decision of the Montana Supreme Court issued prior to commencement of this action. Mr. Dunsmore's claims are barred by the *Rooker-Feldman* doctrine. This Court does not have jurisdiction over this matter, and it should be dismissed.

Based on the foregoing, the Court **RECOMMENDS** that Chief United States District Court Judge Christensen issue the following Order.

DATED this 11th day of March, 2016.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge

Based upon the recommendation of Judge Johnston, the Court issues the following:

**ORDER**

1. Mr. Dunsmore's Motion to Proceed in Forma Pauperis (Doc. 1) is **DENIED,** and this matter is **DISMISSED**. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. No motions for reconsideration or rehearing will be entertained, and the Clerk of Court is directed to discard any such motions.

DATED this 11th day of March, 2016.

                                 */s/ Dana L. Christensen*
                                 Dana L. Christensen, Chief Judge
                                 United States District Court